IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ENRIQUE MEZA SORIA,       \*
    Plaintiff
                                      \*
v.                                          CIVIL ACTION NO. PJM-10-963
                                      \*
ERIC HOLDER, et al.,
    Defendants                 \*
                                      ******

## **MEMORANDUM OPINION**

On April 19, 2010, Plaintiff, a federal inmate presently incarcerated at Federal Correctional Institution-Gilmer in Glenville, West Virginia, filed the instant complaint, stating that he is being denied constitutionally adequate medical care and seeking transfer to a medical facility and other injunctive relief. Paper No. 1. Plaintiff has also filed a Motion for Leave to Proceed in Forma Pauperis and Motion for Appointment of Counsel. Paper Nos. 2 and 3.

The Court deems it appropriate to transfer the instant action pursuant to 28 U.S.C. § 1406(a).[1] Under 28 U.S.C. § 1391(b), a civil action that is not founded solely on diversity of citizenship may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred....., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. It appears that the actions about which the Plaintiff complains occurred in West Virginia and that any proper Defendant

---

[1]In so ruling, this Court will not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties or his pending Motions.

resides there. Accordingly, venue is not proper in this Court,[2] and this case shall be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of West Virginia-Clarksburg Division for all further proceedings.

May 5, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTIRCT JUDGE

---

[2] In so ruling, this Court will not examine any questions regarding exhaustion of federal remedies pursuant to § 803 of the Prison Litigation Reform Act of 1995, codified as 42 U.S.C. § 1997e, which provides that no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, until he or she has exhausted available administrative remedies.